# West Chester Borough *v.* West Chester Street Railway Company, Appellant.

*Street railways—Paving streets—Boroughs—Repairs and repaving.*

A borough ordinance granting to a street railway company the right to use streets provided that the company " shall at all times keep the space between their tracks and eighteen inches outside thereof in good repair, and to conform to the macadamizing or paving in the borough." Another section provided "that whenever the borough shall hereafter pave or macadamize any street or streets along the line of said railway, with asphalt blocks, asphalt sheeting or broken stone, the said street railway company, their successors or assigns, shall at the same time pave and macadamize the street occupied by the railway, that is to say, between the tracks of said railway and eighteen inches outside thereof, on each side of said railway with the same kind of blocks or material with which the borough paves and macadamizes the said street or streets." A resolution of the borough council provided " that by way of encouraging the construction of an efficient street railway in the borough, the railway company be relieved from the obligations of keeping in repair the street, streets or parts of streets, occupied by their tracks until such time as said company shall either earn or pay a dividend to its stockholders on the capital stock of the company, which shall be paid up to the time of said earning or payment, or until such time as either or both of these contingencies shall happen." *Held,* that while the railway company was relieved from making ordinary repairs by the terms of the relief resolution, it was bound under the ordinance to pave with asphalt between its rails and eighteen inches outside each rail, portions of the older streets of the borough from which the old macadamized pavement had been removed, and on which the borough had laid an asphalt pavement.

Argued March 6, 1902. Appeal, No. 298, Jan. T., 1901, by defendant, from judgment of C. P. Chester Co., Jan. T., 1901, No. 6, on verdict for plaintiff in case of West Chester Borough *v.* West Chester Street Railway Company. Before McCollum, C. J., Dean, Fell, Mestrezat and Potter, JJ. Affirmed.

Assumpsit to recover the cost of paving a portion of a street with asphalt. Before Hemphill, P. J.

At the trial the court gave binding instructions for plaintiff. The jury returned a verdict for $4,683.88, on which judgment was entered.

On a motion for a new trial HEMPHILL, P. J., filed the following opinion:

This action was brought to recover from the defendant money expended by the borough for paving portions of Market and High streets with asphalt blocks between the rails of defendant's road and eighteen inches outside each rail.

Upon the trial the amount claimed was not questioned; nor was there any denial that the paving had been done in a proper and economical manner, but the defendant denied liability under its contract with the plaintiff, which being in writing and construed favorably to the plaintiff, binding instructions were given to find for the plaintiff for the amount claimed.

The question therefore is, did the court err in its construction of the contract between the parties?

The contract is evidenced by an ordinance and resolution of relief adopted by the plaintiff, August 30, 1890, and accepted, in writing, by the defendant, September 29, 1890.

The portions of the ordinance bearing upon the question under consideration are a part of section 2 and section 7.

Section 2, after directing the manner in which the tracks shall be laid and the kind of rail to be used, provides that said company "shall at all times keep the space between their tracks and eighteen inches outside thereof in good repair and to conform to the macadamizing or paving in the borough."

Section 7 reads as follows: "That whenever the borough shall hereafter pave or macadamize any street or streets along the line of said railway, with asphalt blocks, asphalt sheeting or broken stone, the said street railway company, their successors or assigns, shall at the same time pave and macadamize the street occupied by the railway, that is to say, between the tracks of said railway and eighteen inches outside thereof, on each side of said railway, with the same kind of blocks or material with which the borough paves and macadamizes the said street or streets, and if the said railway company, their successors or assigns, shall neglect or refuse to do the said work, or shall neglect or refuse to keep said streets within the tracks of said company, and eighteen inches outside thereof, in good and perfect repair, then the borough shall do the same, after having given said company ten days' notice, and recover the cost and expense thereof, from the said street

railway company, with twenty per cent of the cost of the same added thereto, to be recovered as all debts are recoverable before any justice of the peace having jurisdiction of the amount of said expense and percentage, or in any court of common pleas in this commonwealth."

What has been called the relief resolution, provides: "That by way of encouraging the construction of an efficient street railway in the borough of West Chester, the West Chester Street Railway Company be relieved from the obligations of keeping in repair the street, streets or parts of streets, occupied by their tracks, until such time as said company shall either earn or pay a dividend to its stockholders on the capital stock of the company, which shall be paid up to the time of said earning or payment, or until such time as either or both of these contingencies shall happen. . . ."

The better to understand what was probably in the mind or contemplation of the parties, it would be well to state the situation when the contract was made.

At that time, by the ordinance referred to, the company had been authorized to lay its tracks on portions of Market, High and New streets and Ashbridge and Rosedale avenues; and none of the streets or avenues of the borough were paved with either asphalt blocks, belgian blocks or asphalt sheeting.

The two avenues (upon which tracks have never been laid) were upon the outskirts of the borough and were the ordinary dirt roads or streets, while so much of the streets as were afterwards occupied by the railway company were macadamized, for the leading American and English lexicographers—Webster and Stormouth—agree in their definitions of what constitutes macadamizing, differing only in phraseology. To macadamize—Webster defines—"to cover as a roadway surface," and Stormouth—"to cover a road or path with small broken stones, which uniting by pressure form a smooth hard surface."

Subsequently, a pavement of asphalt was laid upon a few squares of both Market and High streets, in the central and business portion of the borough, after the removal of the macadam pavement.

The defendant contends that it cannot be held liable under section 2 of the ordinance, because that refers only to repairs, while the asphalt block paving was a repaving or reconstruc-

tion of the streets anew ; and that even could such a repaving or reconstruction be construed as but repairs, that it would be relieved from payment by the terms of the relief resolution.

The soundness of this position is virtually conceded by the plaintiff, its position being and its statement alleging that defendant's liability arises under section 7 of the ordinance.

But the defendant claims that section 7 applies only to the streets and avenues then unpaved with anything ; in other words, to those outlaying streets upon which the company has never laid its tracks, presumably because there was not sufficient population residing along them to warrant the necessary expenditure.

There would be considerable force in this argument had the words " asphalt blocks, belgian blocks, asphalt sheeting " been omitted, for the section would then have read " that whenever the borough shall hereafter pave or macadamize any street or streets along the line of said railway, with broken stone," said company shall, etc. ; and both High and Market streets being already macadamized, the word " hereafter " could very naturally and properly be construed as indicating that it had reference only to the dirt streets, that it might be deemed advisable to macadamize in the future.

Those words, however, being in the ordinance, we must consider and treat them as having been put there for a purpose ; and it is more consistent with reason and common sense to hold that the borough authorities desiring that the borough should be able to keep abreast with the progess of the age, and contemplating that the future, perhaps the near future, would require that its street in the central, business and much traveled parts of the town, should be paved with a more modern and better material, inserted them with that in view, rather than that they had in anticipation the paving of the dirt streets on the borders of the borough with any such expensive materials.

Again the very language of the ordinance shows that it could not have been in contemplation to confine these improvements to the outlaying dirt streets—the contrary is indicated—for it says " any street or streets along the line of said railway," and whilst it might have been problematical whether the railway would ever be laid in the remote parts of the town, there could have been no doubt that if any was constructed it would cer-

tainly be through the built up and business portions of the borough.

Had the borough seen fit to pave its streets with materials other than these specified, the railway company could not have been compelled to contribute, because not according to the contract, as was held in Shamokin Borough v. Shamokin St. Railway Co., 178 Pa. 128.

On the other hand, had the ordinance, instead of specifying the materials to be used, required the railway company to conform to whatever improvements the borough might make on its streets, it would have been compelled to lay or pay for whatever kind of pavement the borough saw fit to put down, as was the case in McKeesport Borough v. McKeesport Pass. Railway Co., 158 Pa. 447, where the word "improvement" was used, and the company was held liable for a paving with belgian blocks.

The defendant further urges that the relief resolution refutes the idea that it was ever contemplated that the railway company should be liable to contribute for paving such as is here claimed for ; that to relieve it from the comparatively light expense of repairs and require it to bear the heavier one of a new pavement of expensive materials, would be the discouraging instead of " encouraging of the construction of an efficient street railway."

But the answer is, that the borough, with its horses, carts and corps of employees, daily making repairs upon its streets, and with its own crushed stone could, with but little additional inconvenience or expense, make those required upon the railway ; while the company, to make the same, would have to purchase or hire horses or carts, hire men and buy its materials, at very considerable expense to itself. .

Moreover, considering that in this progressive age, the probabilities were, that better and more satisfactory paving would, in the future, be required upon the streets, it was but right and prudent in the borough authorities to provide that a company, to which they had granted a valuable license to occupy the streets, should bear its share of the burdens the improvements might entail.    As was said by Mr. Justice STERRETT, in Philadelphia v. Ridge Ave. Pass. Railway Co., 143 Pa. 444, " the city authorities have just as much right to require it (the

railway company) to repave at its own expense, with a new, better and more expensive pavement, as they have to cause other streets to be repaved in like manner at the public expense."

After a careful reconsideration of this case, we have reached the conclusion that the construction of the contract between the parties and the instructions given at the trial were right, and we must therefore refuse a new trial and dismiss the rule.

*Error assigned* was in directing a verdict for plaintiff.

*William M. Hayes* and *R. T. Cornwell*, with them *J. Carroll Hayes*, for appellant.

*Alfred P. Reid* and *William S. Windle*, for appellee.

PER CURIAM, June 4, 1902:

The judgment is affirmed on the opinion of the learned judge of the common pleas.